Matter of Bartle v Bartle (2019 NY Slip Op 06868)





Matter of Bartle v Bartle


2019 NY Slip Op 06868


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


655077/17 9928A 9928

[*1] In re Elizabeth Bartle, et al., Petitioners-Appellants,
v
Andrew Bartle, Respondent-Respondent.


Saul Ewing Arnstein & Lehr, New York (Steven C. Reingold of counsel), for appellants.
Hoguet Newman Regal & Kenney, LLP, New York (Laura B. Hoguet of counsel), for respondent.



Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered May 17, 2018, in favor of respondent and against petitioners, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about February 1, 2018, which denied the petition to modify the underlying arbitration award and granted the cross petition to confirm the award, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The arbitrator properly addressed the issue of valuation of the subject building despite respondent's failure to raise the issue specifically in his arbitration demand. Respondent could not have challenged the appraisal and valuation of the building in his demand, filed in June 2016, because at that time the appraisal and valuation had not been completed. However, he placed the fair market value of his partnership interest at issue in the demand as specifically as he could by stating that he would be forced "to sell at a reduced price," reflecting his concern that the valuation would ultimately be to his disadvantage (compare Goldberg v Nugent, 85 AD3d 459 [1st Dept 2011] [vacating arbitration award where arbitrator awarded relief on claims not asserted in arbitration demand]; see CPLR 3026, 402).
Nor did the arbitrator exceed his authority in reviewing the valuation arrived at by petitioners' appraisal and valuation experts. Contrary to petitioners' contention that the language of the "call provision" of the partnership agreement (section 18.02) is controlling, it is the language of the arbitration clause that governs the scope of the arbitrator's authority (Matter of Silverstein [Benmor Coats, 61 NY2d 299, 307 [1984] ["any limitation upon the power of the arbitrator must be set forth as part of the arbitration clause itself"). The arbitration clause at issue contains no such limitation. To the contrary, it provides broadly that "[a]ll disputes arising out of or in connection with this Agreement or any transaction hereunder shall be finally settled ... by an arbitrator." Nor did the arbitrator disregard the experts' valuation; it was the experts, not the arbitrator, who arrived at the $12.75 million figure.
The arbitrator's determination that neither party prevailed in the arbitration — and thus that neither party should be awarded attorneys' fees — was also within his authority (see e.g. Matter of RAS Sec. Corp. [Williams], 251 AD2d 98 [1st Dept 1998]), and cannot be considered, as petitioners urge, "totally irrational." The arbitrator provided a thorough and logical explanation for his finding that there was no prevailing party in the arbitration. While petitioners succeeded in having the petition dismissed, they were adversely affected by the arbitrator's valuation of respondent's limited partnership interest.
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK